**EXHIBIT 3**



CJ-16-4634

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
SEP - 9 2016
RICK WARREN
COURT CLERK
41_____

| | |
|---|---|
| HITE PLASTICS, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2016-4634 |
| | ) |
| SCOTTSDALE INSURANCE | ) JURY TRIAL DEMANDED |
| COMPANY, | ) ATTORNEY'S LIEN CLAIMED |
| Defendant. | ) |

## PETITION

COMES NOW, the Plaintiff, HITE PLASTICS, INC., and for its causes of actions against Defendant SCOTTSDALE INSURANCE COMPANY alleges and states as follows:

1. Plaintiff is an Oklahoma domestic Corporation, with its principal place of business located in Oklahoma County, Oklahoma.

2. Plaintiff's property at issue is located in Oklahoma County, Oklahoma.

3. At all times pertinent hereto, Plaintiffs property was insured by Defendant Scottsdale Insurance Company (hereinafter: Defendant Scottsdale).

4. Defendant Scottsdale, is a foreign corporation licensed in the State of Oklahoma to conduct insurance business, sell, handle, oversee and, in pertinent part, administer matters concerning insurance coverage, of the like alleged hereafter in this case.

5. Plaintiff insured the property, located at 201 N. Wisconsin Ave., Oklahoma City, Oklahoma, with Defendant Scottsdale on a Commercial Property policy, number CPS2015411.

6. By issuing its Commercial Property policy to Plaintiff, Defendant promised Plaintiff it would act in good faith on any claims made by it under the policy.

7. On or about March 25, 2015, Plaintiff's property and roofs were damaged as a result of a covered cause or loss which resulted from hail and rain.

8. The above reference policy was in full force and effect at the time of the damage.

9. Despite the insurance policy being in full force and effect, Defendant has denied coverage for the loss.

10. The Defendant retained an Engineer to inspect the damaged roofs and property.

11. The Defendant's Engineer determined that the roofs of the property were impacted by hailstones.

12. The Defendant's Engineer determined that the hail-caused dents would not impair the functional performance or service life of the metal roofing.

13. Plaintiff retained an Engineer who determined that the hail dents constituted functional damage causing diminished water-shedding ability.

14. Despite the contrasting Engineering reports, Defendant denied coverage for the loss.

15. The Defendant has failed to extend coverage for the damage to the roofs and has failed to pay for the covered losses.

16. Defendant has unreasonably and unjustly delayed and denied the decision to provide coverage and pay for Plaintiff's loss.

17. The acts and failure to act on the part of the Defendant constitute a bad faith refusal or neglect to pay the claim of its insured. Defendant Scottsdale has failed to properly and in good faith consider the full extent of the loss by its insured and has breached its duty of good faith and fair dealing with its insured.

18. Defendant's actions were done in bad faith as Plaintiff had a contractual right to have Defendant provide coverage for a covered loss such as the one sustained to Plaintiff's roof and property.

19. The acts and refusal to act by Defendant Scottsdale constitute both a breach of the insurance contract and bad faith and both have caused damage to its insured which reasonably expected coverage for its losses.

20. The acts of bad faith by Defendant Scottsdale include, but are not limited to:
    a. Failure to properly conduct an investigation reasonably appropriate under the circumstances for the loss and claim;
    b. Failure to provide coverage for the damage;
    c. Failure to timely pay the claim of the insured;
    d. Failure to comply with the Unfair Claims Settlement Act;
    e. Unreasonably relying on their Engineer's report to deny coverage;
    f. Failure to properly consider the findings of Plaintiff's engineer;
    g. Unreasonably and unjustly failing to properly and fully investigate and evaluate the conflicting engineer reports as it related to the facts of the claim;
    h. Failure to properly adjust the claim in a prompt and reasonable manner based on the findings of the licensed professional engineers;
    i. Defendant has unreasonably and unjustly denied coverage for Plaintiff's loss;
    j. Defendant compelled its insureds to hire a lawyer to recover amounts due under the policy where it was reasonably clear that the policy covered the loss;
    k. Defendant failed to develop proper claims handling procedures and/or utilize those procedures in this claim.

21. Due to the failure of Defendant Scottsdale to reasonably and timely pay the claims of its insured Scottsdale should be ordered to pay the value of the claims, pay damages for its bad faith as well as consequential damages, interest, costs and attorney fees and in addition thereto based upon its willful and intentional misconduct which was to the benefit of Scottsdale it should be punished by means of punitive damages in an amount to be determined by the Jury.

WHEREFORE, based upon the above and foregoing, Plaintiff requests judgment for actual and consequential damages in excess of $75,000; punitive damages in an amount to be determined by the jury in excess of $75,000, interest, attorneys fees, costs and all other relief to which Plaintiff is entitled.

                                                 Respectfully Submitted,

                                                 */s/ Jason Waddell*

                                                 Jason Waddell OBA #30761
                                                 Jason Waddell, PLLC
                                                 222 NW 13th St.
                                                 Oklahoma City, OK 73103
                                                 Telephone: 405-232-5291
                                                 Facsimile: 405-708-7871
                                                 Jason@JasonWaddellLaw.com
                                                 Attorney for Plaintiff

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**